---

QUACKENBUSH, Administrator, Respondent, v. GRAF, Appellant.

(155 N. W. 185.)

(File No. 3641. Opinion filed December 18, 1915. Rehearing granted February 6, 1916.)

**Appeals—Review—Failure to Assign Errors—Specifications in Notice of Intentions—Affirmance.**

Where, although appellant's printed record shows alleged specifications of error contained in notice of intention to move for a new trial, yet, there being no assignments of error anywhere in the record, and appellant not having remedied this defect after respondent urged this point in motion to dismiss appeal and in his brief, held, that there is no jurisdiction in the Supreme Court to review alleged errors upon such a record.

Appeal from Circuit Court, Hughes County.     Hon. LEVI McGEE, Judge.

Action by H. C. Quackenbush, administrator of the estate of Charles Anton Metzgar, against Karl L. Graf. From a judgment for plaintiff, defendant appeals. Affirmed.

*Zell Guthrie,* and *J. L. Kohl,* for Appellant.

*Gaffy, Stephens and Fuller,* for Respondent.

SMITH, J. Plaintiff sues as administrator for an alleged conversion of certain property of his intestate. Verdict and judgment for plaintiff. Defendant appeals from the judgment and order overruling motion for a new trial. Appellant's brief was filed in this court on August 18, 1914. On August 20, 1914, respondent's counsel procured from this court an order to show cause why the appeal should not be dismissed, on the specific ground, among others, that appellant's record contained no assignments of error, with appropriate references to corresponding specifications of error in the settled record. Upon return to the order to show cause, appellant insisted, among other things, that the record contained sufficient assignments of error. Upon the hearing, it was orally stated to counsel in open court that absence of assign-

ments of error or the lack of references to corresponding specifications of error in the settled record constituted no ground for a dismissal of the appeal, but that the sufficiency of the assignments could be considered only in connection with the merits of the appeal. In the brief of respondent filed September 19, 1914, the absence of assignments was again urged as an objection to a consideration by this court of any alleged errors in the record. Appellant's printed record contains a complete copy of the motion for a new trial which was made upon the minutes of the court including the notice of intention to move for a new trial, which contained alleged specifications of errors. The printed record, however, is absolutely devoid of assignments of error which refer to such specifications of error. The order overruling appellant's motion for a new trial is not assigned as error. Appellant was advised by respondent's motion to dismiss the appeal for want of assignments, and again by the objections urged in respondent's brief, that appellant would rely upon and urge the lack of assignments of error as constituting a want of jurisdiction on the part of this court to review the alleged errors. Since that time appellant's counsel have wholly failed and neglected to remedy this jurisdictional defect of which he was advised immediately upon the serving and filing of his appeal record in this court. There is absolutely nothing in this record which even purports to be assignments of error. Jurisdiction to review alleged errors depends upon sufficient assignments of error. This has been so frequently held and pointed out by this court, that a citation of rulings seems idle.

The judgment and order of the trial court are affirmed.